# Sefcik *v.* Pennsylvania Railroad Company, Appellant.

*Negligence—Grade crossings—" Stop, look and listen"—Case for jury.*

1. The rule that one who steps in front of a moving train, which he could have seen and heard if he had looked and listened, will be conclusively presumed to have been negligent, applies only to clear cases where no inference except that of negligence is possible from the facts.

2. In an action against a railroad company it appeared that plaintiff's husband approached a grade crossing of four main tracks and two sidings. The crossing was at a curve, and from it trains could be seen only 500 feet in one direction, and 1,400 in the other. The deceased stopped, looked and listened four feet from the track and saw the watchman in his box. The night was cloudy and the air filled with smoke. Opposite the crossing were blast furnaces and steel works which gave out sheets of flame, and a great noise. There were also colored signal lights and electric lights within the range of view. The deceased was struck and killed when he was on the fourth track. *Held,* that the case was for the jury and that a verdict and judgment for plaintiff should be sustained.

Argued Nov. 3, 1908. Appeal, No. 202, Oct. T., 1908, by defendant, from judgment of C. P. No. 2, Allegheny Co., April T., 1905, No. 352, on verdict for plaintiff in case of Anna Sefcik v. Pennsylvania Railroad Company. Before FELL, BROWN, MESTREZAT and POTTER, JJ. Affirmed.

Trespass to recover damages for death of plaintiff's husband. Before FRAZER, P. J.

The facts are stated in the opinion of the Supreme Court.

Verdict and judgment for plaintiff for $6,000. Defendant appealed.

*Error assigned* was in refusing binding instructions for defendant.

*Thomas Patterson,* of *Patterson, Sterrett & Acheson,* and *James S. Crawford,* for appellant.

*W. H. S. Thomson,* with him *H. S. Lydick* and *Frank Thomson,* for appellee.

PER CURIAM, January 4, 1909 :

The conditions at the crossing where the plaintiff's husband was killed were exceptionally dangerous and imposed upon persons using it and upon the defendant a very high degree of care. The crossing was at a curve and from it trains could be seen only 500 feet in one direction and 1,400 in the other. There were four main tracks on which trains ran frequently and two sidings. Directly opposite the crossing were the blast furnaces and rolling mills of steel works covering an area a half mile square. At intervals of two or three minutes sheets of flame issued from the stacks of the steel works. The noise was so great as to make it difficult to hear the sound of an approaching train or its signal by bell or whistle. At night there were a number of electric lights at different heights near the tracks and colored signal lights at the switches and at a signal bridge near by. The night was cloudy and the air filled with smoke. The watchman at the time when a fast express train was due, was in his box at the side of the tracks. His negligence was clear, and the court could not say that the deceased was negligent. He stopped, looked and listened four feet from the tracks and saw the watchman in his box. Presumably he continued to look and listen as he advanced to the fourth track, where he was struck, and was misled by the confusion of sounds and lights. The rule that one who steps in front of a moving train, which he could have seen and heard if he had looked and listened, will be conclusively presumed to have been negligent, applies only to clear cases where no inference except that of negligence is possible from the facts.

The judgment is affirmed.